IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL JARVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-094 (VAC) |
| | ) |
| WARDEN ROBERT MAY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Michael Jarvis, James T. Vaughn Correctional Center, Smyrna, Delaware.  Pro Se Plaintiff.

June 14, 2022
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff Michael Jarvis ("Plaintiff"), an inmate at James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware, commenced this action on January 24, 2022, pursuant to 42 U.S.C. § 1983.[1] (D.I. 3). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). He also filed a motion to join class action suit. (D.I. 7). This Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

**I.    BACKGROUND**

Plaintiff alleges that he complained to Defendants Warden Robert May ("May'), Commissioner Claire DeMatteis ("DeMatteis"), and Captain Bruce Burton ("Burton") that they were disregarding CDC guidelines relating to COVID-19. (D.I. 3 at 6). Plaintiff has underlying health problems. (*Id*.). Plaintiff was admitted to the hospital on April 28, 2020 and treated for COVID-19. (*Id*.). He was released on May 1, 2020. (*Id*. at 7). Plaintiff alleges that the Delaware Department of Correction pressured the hospital for an early release. (*Id*.). Upon his return to JTVCC, Plaintiff was housed in the infirmary and placed on oxygen. (*Id*.). Plaintiff alleges that he never fully recovered and suffers from brain fog, memory loss, and fatigue and that Centurion (the company responsible for healthcare at JTVCC) and its administrator refused to take his conditions seriously. (*Id*.).

Plaintiff submitted a grievance on August 15, 2020, asking he be seen by an outside ophthalmologist. (D.I. 3-2 at 1). The grievance was denied due to pandemic restrictions, a

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

decision that was upheld on appeal. (*Id.* at 4). Plaintiff alleges that Centurion and its administrator refused to treat him due to COVID restrictions. (D.I. 3 at 7).

Plaintiff seeks proper treatment and punitive damages. (*Id*. at 8).

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and the Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

2

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court, however, must grant a plaintiff leave to amend unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must

plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief.  *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.    DISCUSSION

To state a claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.  *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted).  Deliberate indifference has been found "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).  Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation.  *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

Plaintiff alleges in a conclusory manner that Defendants were deliberately indifferent in adhering to CDC COVID guidelines.  He also alleges, however, that once he contracted COVID,

4

he was provided medical care. Although he also alleges that he did not receive treatment for toxoplasmosis, the exhibits reflect this was due to the COVID restrictions.

Here, Plaintiff received medical treatment once he contracted COVID and was advised that due to COVID restrictions inmates could not see an outside ophthalmologist. Notably, prison officials shouldered no constitutional duty to "eliminate entirely [Plaintiff's] risk of contracting COVID-19." *Hope v. Warden York Cty. Prison*, 972 F.3d 310,330 (3d Cir. 2020) (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 849–50 (1998)). And, once he contracted COVID, Plaintiff was provided medical care. Moreover, while Plaintiff may wish to see an outside ophthalmologist, disagreement with medical care does not rise to the level of a constitutional claim.

Plaintiff's claims are legally frivolous and will be dismissed. This Court finds amendment futile.

## IV. CONCLUSION

For the above reasons, the Court will: (1) deny as moot Plaintiff's motion to join class action (D.I. 7); and (2) dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). Amendment is futile.

An appropriate Order will be entered.